4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Stanley Herbert GOTTLIEB, Defendant-Appellant.
 No. 93-5255.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-132-2)
 Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Stanley Herbert Gottlieb entered a guilty plea to one count of wire fraud, 18 U.S.C.A. Sec. 1343 (West Supp. 1993). He appeals his fifteen-month sentence on the ground that the district court improperly considered a factor outside those listed in 18 U.S.C.A.Sec. 3553(a) (West 1985 & Supp. 1993) in ruling that he had not accepted responsibility and had abused a position of trust.[1] He separately contends that the district court clearly erred in finding that he abused a position of trust. We affirm.
 
 
 2
 In 1990, in Florida, Gottlieb started a company called Odyssey Communications with money from various investors. The company did not prosper, and eventually went out of business. Gottlieb was later sued by the investors.
 
 
 3
 As his financial situation deteriorated in the fall of 1991, Gottlieb contacted Evelyn Finniff, a elderly lady of limited means to whom Gottlieb had sold insurance years before. He had since advised her from time to time about investing small amounts of money. Ms. Finniff was partially supported by Norma Spencer, her sister-in-law, a resident of West Virginia. Through Finniff, Gottlieb contacted Mrs. Spencer, and induced her to send him over $30,000. Gottlieb said he would invest the money in a short-term real estate deal which would yield a good return and enable Mrs. Spencer to provide more assistance to Ms. Finniff. Instead, the money went to Oddyssey's creditors.
 
 
 4
 After pleading guilty, Gottlieb refused to be interviewed by the probation officer on his attorney's advice, but provided a statement in which he said he initially intended to repay Mrs. Spencer. He admitted he continued to lie to her about the fake land deal after he knew he could not repay her.
 
 
 5
 Two months before Gottlieb was sentenced, Mrs. Spencer wrote a letter to the district court, giving a detailed description of events from her perspective. The probation officer, the government, and defense counsel all received copies of the letter.
 
 
 6
 At sentencing, the government did not oppose a reduction for acceptance of responsibility, agreeing with defense counsel that, at the time of the offense, Gottlieb had a "self-deceptive belief that he might be able to pay back the principal" to Mrs. Spencer.[2] However, the government argued that Gottlieb had abused a position of trust, and should receive a two-level enhancement under guideline section 3B1.3. Defense counsel argued that Gottlieb was not in a position of trust with regard to Mrs. Spencer.
 
 
 7
 The district court found that Gottlieb had an informal fiduciary relationship with Ms. Finniff which he used to induce Mrs. Spencer to send money to him, and in doing so abused a position of trust. The court further found that Gottlieb had not accepted responsibility for a "straight out fraudulent transaction." The enhancements resulted in an offense level of fourteen and a guideline range of fifteen to twenty-one months. Gottlieb, who is in his fifties and suffers from chronic rheumatoid arthritis, received a sentence of fifteen months. Following the sentencing, Mrs. Spencer again wrote the district court and expressed disappointment with Gottlieb's sentence, which was too short in her view. Almost two months after sentence was pronounced, the district court answered Mrs. Spencer's letter, explained the sentencing process, and told her that Gottlieb had received the correct sentence in the circumstances presented by his case.
 
 
 8
 Gottlieb argues here that the district court made its findings on abuse of a position of trust and acceptance of responsibility solely to "rectify the victim's stated interests," a factor not listed in Sec. 3553(a). The argument is baseless. The district court explained its reasons for both rulings; both were supported by information in the presentence report. Moreover, in making sentencing decisions, the district court may consider any relevant information, including reliable hearsay such as the statements of witnesses. U.S.S.G. Sec. 6A1.3. To do so does not take the court outside the bounds of Sec. 3553(a).
 
 
 9
 Gottlieb contends that he had only a "relationship" of trust with Ms. Finniff, not a position of trust, and that even if he had a position of trust, it was not with Mrs. Spencer. The district court's factual determination is reviewed for clear error. United States v. Helton, 953 F.2d 867 (4th Cir. 1992). Section 3B1.3 directs an enhancement for abuse of a position of public or private trust. A person entrusted with the management of someone else's money certainly occupies a position of trust. See United States v. Donine, 985 F.2d 463 (9th Cir. 1993); United States v. Tardiff, 969 F.2d 1283 (1st Cir. 1992). Gottlieb functioned as a money manager for Ms. Finniff, albeit informally, and he consciously used Ms. Finniff's trust in him to persuade Mrs. Spencer in turn to part with her money. On these facts, the district court did not clearly err in making the enhancement.
 
 
 10
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Secs. 3E1.1, 3B1.3 (Nov. 1992)
 
 
 [2]
 The government previously had filed an objection to the probation officer's recommendation that Gottlieb be given a reduction for acceptance of responsibility