21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Craig POWELL, Defendant-Appellant.
 No. 92-5486.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1994.
Decided April 22, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-92-6)
 Argued: Parks Nolan Small, Federal Public Defender, Columbia, SC, for appellant.
 Terry L. Wooten, Asst. U.S. Atty., Columbia, SC, for appellee.
 On Brief: J. Preston Strom, Jr., U.S. Atty., Columbia, SC, for appellee.
 D.S.D.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The question in this case is whether the district court committed plain error in admitting certain testimonial evidence at trial. Because we find that there was no such error, we affirm the defendant's conviction. We likewise find no error in defendant's sentence.
 
 I.
 
 2
 Defendant Daniel Craig Powell, a police officer in Columbia, South Carolina, was arrested on December 20, 1991, for selling crack cocaine to an undercover agent on the premises of Fort Jackson, South Carolina. The sale was arranged through another drug dealer who knew Powell and who, after being arrested, agreed to assist in the investigation of Powell. Following the sale, Powell drove off the premises of Fort Jackson and was promptly arrested by officers of the Forest Acres Police Department. The arresting officers retrieved a .38 caliber handgun from Powell's car, and found additional drugs and money on his person. Powell was charged on two counts of illegal drug distribution, see 21 U.S.C. Secs. 841(a)(1) & (b)(1)(C), and one count of using and carrying a firearm during a drug trafficking crime, see 18 U.S.C. Sec. 924(c). Powell pled guilty to the two drug charges, and a jury found him guilty of the firearm offense.
 
 
 3
 On July 13, 1992, the district court sentenced Powell to 103 months imprisonment followed by two years of supervised release. At sentencing, the district court applied a two-level enhancement to Powell's base offense level under Sec. 3B1.3 of the Sentencing Guidelines for the defendant's abuse of a position of public trust. Powell now appeals both his conviction and his sentence.
 
 II.
 
 4
 Powell contends that the district court erred by allowing the admission of testimonial evidence concerning (1) his possession of a pager at the time of his arrest, (2) the high percentage of drug dealers who carry guns, and (3) a confidential informant's prior drug purchases from Powell. Powell claims that, by allowing the admission of such testimony, the district court violated Fed.R.Evid. 403 (prohibiting evidence for which prejudicial effect substantially outweighs probative value) and Fed.R.Evid. 802 (prohibiting hearsay evidence).
 
 
 5
 Because Powell failed to raise any of these objections at trial, this court may reverse the district court's admission of the evidence only if its determinations constituted plain error. See United States v. Vogt, 910 F.2d 1184, 1192 (4th Cir.1990); United States v. McCaskill, 676 F.2d 995, 1001 (4th Cir.1982); see also Fed.R.Crim.P. 52(b); Fed.R.Evid. 103(d). In order to constitute such error, the district court's admission of evidence must have been sufficiently damaging to the case so as to " 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice.' " United States v. Mitchell, 1 F.3d 235, 240 (4th Cir.1993) (quoting United States v. Young, 470 U.S. 1, 16 (1985)). Powell's burden is made even heavier by the degree of respect typically afforded to a district court's evidentiary decisions. As this court has repeatedly stated,"[a] district court's evidentiary rulings are entitled to substantial deference, because a district court is much closer than a court of appeals to the'pulse of the trial.' " United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992) (quoting United States v. Fernandez, 913 F.2d 148, 155 (4th Cir.1990)).
 
 
 6
 In the case at bar, Powell has simply failed to show that the district court's rulings on the now-contested evidence constituted plain error, if indeed they were error at all. Powell has not provided us with a reason to conclude that the district court's rulings in any way undermined the fairness and integrity of the trial. In the absence of such a showing, we will not disturb the district court's decisions. Accordingly, Powell's conviction must be upheld.
 
 III.
 
 7
 Powell also contests the enhancement of his base offense level at sentencing resulting from his abuse of a position of public trust. Section 3B1.3 of the Sentencing Guidelines states, in pertinent part, that [i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase [the base offense level] by 2 levels.
 
 
 8
 Powell contends that the district court erred in applying a two-level enhancement under this section because he did not abuse his position as a police officer by selling crack cocaine. Powell compares himself to an ordinary bank teller who commits embezzlement, an example given in the Guidelines' commentary as not covered by Sec. 3B1.3. See Sentencing Guidelines Sec. 3B1.3, Application Note 1.
 
 
 9
 On appeal, we will reverse a district court's imposition of an enhancement based on a defendant's abuse of a position of trust only if the court's determination is clearly erroneous. See United States v. Helton, 953 F.2d 867, 869 (4th Cir.1992); see also United States v. Borden, 10 F.3d 1058, 1063 (4th Cir.1993) (applying clearly erroneous standard to district court's imposition of enhancement under Sec. 3B1.1). We apply this standard because a "district court's application of Sec. 3B1.3 is a sophisticated factual determination." United States v. Ehrlich, 902 F.2d 327, 330 (5th Cir.1990). In the case before us, the district court concluded at the completion of the sentencing hearing that
 
 
 10
 when a police officer [is] called upon to help pursue someone even into another jurisdiction, and that police officer later goes back to the scene the next day and procures for himself the drugs that had been discarded by the fleeing suspect, that would constitute an abuse of a position of public trust, as contemplated by Guideline 3B1.3.
 
 
 11
 In this case an officer used knowledge acquired while working in his official capacity to obtain illegal drugs for later resale. The district court's finding that the officer had abused a position of public trust was eminently proper. As such, the district court's application of a two-level enhancement to Powell's base offense level withstands the defendant's objection.
 
 IV.
 
 12
 For the foregoing reasons, the judgment of the district court is
 
 
 13
 AFFIRMED.