61 F.3d 902
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Lee WATERS, Defendant-Appellant.
 No. 94-5292.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 14, 1995.
Decided: July 12, 1995.
 
 Harold J. Bender, Charlotte, NC, for appellant. Mark T. Calloway, U.S. Atty., Brian L. Whisler, Asst. U.S. Atty., Charlotte, NC, for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Troy Lee Waters pled guilty to all eighteen counts of an information charging him with mail fraud, 18 U.S.C.A. Sec. 1341 (West Supp.1994), and wire fraud, 18 U.S.C.A. Sec. 1343 (West Supp.1994). He was sentenced to thirty months imprisonment. Waters appeals this sentence on the grounds that the district court clearly erred in finding that he abused a position of trust and that he failed to demonstrate acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Secs. 3B1.3, 3E1.1 (Nov.1993). We do not agree that Waters abused a position of trust, and therefore we remand for resentencing. In other respects, we affirm his sentence.
 
 
 2
 Between February and June of 1993, Waters, through his company, Metrolina Investments, Inc., ran advertisements in numerous newspapers offering a luxurious oceanfront house for rent in North Myrtle Beach, South Carolina. To persons who called the toll-free number, he offered a 10% discount for advance payment. Waters used two different addresses--1020 N. Ocean Boulevard and 909 N. Ocean Boulevard--as the supposed location of the house, both of which were vacant lots. To potential customers who learned that both locations were vacant lots, Waters explained that there was a mistake in the address, and that the house was at 909 S. Ocean Boulevard. That location was a property owned by Grand Strand Resorts, with which Waters had no connection.
 
 
 3
 In some of his correspondence with potential renters, Waters included a floor plan. The plan was for a house at 909 Perrin Drive which Waters contracted to buy at the end of March 1993.* The house was similar to the one advertised, but was not on the ocean-front, and was not well-equipped. There were no curtains, linens, or dishes, no microwave, and no washer or dryer. Some of his customers stayed at this house. Some who were willing to stay at Perrin Drive were unable to do so, because Waters had double-booked it. One customer was provided with accommodations only after he took out a local arrest warrant for Waters. Some customers who were not accommodated received refunds, but many did not. Ultimately, seventy-two victims suffered financial loss which totaled $56,441.
 
 
 4
 Waters was arrested and detained in June 1993, but released on bond with the condition that he cooperate by trying to accommodate those people who were still scheduled to rent a vacation house from him. In December 1993, after the government agreed to drop the money laundering charges, Waters pled guilty to mail fraud and wire fraud.
 
 
 5
 During the sentencing proceeding, Waters contested the probation officer's recommendation that he receive an upward two-level adjustment for abuse of a position of trust. Guideline section 3B1.3 provides for an enhancement if the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. Application Note 1 of the commentary states that a position of public or private trust "is characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." Examples are: an attorney functioning as a guardian who embezzles his client's funds, a bank executive who engages in a fraudulent loan scheme, and a doctor who sexually abuses a patient undergoing an examination. The district court's decision as to whether the defendant held a position of trust is reviewed for clear error. United States v. Helton, 953 F.2d 867, 869 (4th Cir.1992).
 
 
 6
 This Court has held that ordinary commercial relationships do not constitute a trust relationship sufficient to warrant an enhancement under section 3B1.3. United States v. Moore, 29 F.3d 175, 179-80 (4th Cir.1994). Waters' relationship with his victims was an ordinary commercial relationship. Although each of his victims trusted him enough to send him their money before verifying that the advertised house existed and was as advertised, he enjoyed no special relationship of trust involving the exercise of professional discretion. There fore, the district court clearly erred in finding that Waters occupied a position of trust with his victims and in making the adjustment. As a result, we are constrained to remand the case for resentencing.
 
 
 7
 Waters was also unsuccessful in seeking a two-level reduction for acceptance of responsibility under guideline section 3E1.1. The defendant has the burden of showing that he is entitled to this adjustment. United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989). Defense counsel argued that Waters had demonstrated acceptance of responsibility by pleading guilty as soon as an acceptable plea bargain was offered, and by making efforts to fulfill his promises to the remaining people who had contracted to rent the house. Waters made a statement at sentencing in which he apologized to the victims and others harmed by his actions.
 
 
 8
 Waters did apparently rent a condominium for his customers' use after his release on bond. However, the case agent testified at sentencing that Waters also stopped payment on a check for needed repairs to the air conditioner and that the last victim to stay in the house had to pay personally to have the refrigerator repaired. On this record, we are unable to say that the district court's finding that Waters failed to accept responsibility is clearly erroneous. While a guilty plea is evidence of acceptance of responsibility, it may be outweighed by conduct inconsistent with acceptance of responsibility. USSG Sec. 3E1.1, comment. (n.3). Moreover, any remedial actions Waters took after his arrest were not voluntary, but were done at the direction of the court.
 
 
 9
 We therefore affirm the sentence imposed by the district court with respect to acceptance of responsibility, but vacate the sentence and remand for resentencing without the adjustment for abuse of a position of trust. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Waters made only one payment on the house and subsequently became involved in litigation with the seller