**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5333

TAMMY SELLARS ENGLAND,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-94-48)

Submitted: April 30, 1996

Decided: June 10, 1996

Before MURNAGHAN and WILKINS, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Thomas J. Ashcraft, Charlotte, North Carolina; Stephen T. Daniel,
DANIEL & LECROY, P.A., Morganton, North Carolina, for Appel-
lant. Mark T. Calloway, United States Attorney, Peter Crane Ander-
son, Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tammy S. England entered a guilty plea to an information charging her with bank embezzlement, 18 U.S.C.A. § 656 (West Supp. 1996), and was sentenced to serve twelve months imprisonment. She appeals her sentence, contending that the district court clearly erred in adjusting her offense level upward for abuse of a position of trust, USSG § 3B1.3,* and more than minimal planning, USSG§ 2B1.1(b)(5)(A). She also contests the court's decision not to depart on the basis of diminished capacity, USSG § 5K2.13. We affirm in part and dismiss in part.

England worked at Wachovia Bank in Morganton, North Carolina, for ten years, first as a teller and later as a customer service representative. In the latter position, she embezzled around $70,000 from the bank between February 1989 and September 1993. An audit of the Safe Deposit Income Account in August 1993 revealed numerous transfers of funds from that account to England's personal account. When the fraud was discovered, England entered a guilty plea and made restitution before she was sentenced. She explained that her embezzlement was caused by an overwhelming desire to shop and spend money. The probation officer recommended 2-level enhancements for more than minimal planning, USSG § 2B1.1(b)(5)(A), and for abuse of a position of trust, USSG § 3B1.3.

England argued at sentencing that she suffered from an obsessive compulsive disorder similar to kleptomania. Thus, her attorney argued, she had diminished capacity to control her actions, which presumably made each separate instance of embezzlement an unpremeditated action. England submitted three letters from a psychiatrist who

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

2

stated that she had "a rather diminished capacity to control her behavior," as well as impaired judgment due to stress. The district court overruled her objection. The court's factual finding that she had engaged in more than minimal planning is reviewed under the clearly erroneous standard. United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995).

More than minimal planning is defined in the guidelines as "more planning than is typical for commission of the offense in a simple form." USSG § 1B1.1, comment. (n.1(f)). The commentary states that more than minimal planning is "deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." Id. An embezzlement committed by a single false book entry shows minimal planning. Id. England's offense involved multiple false book entries spanning a number of years and clearly falls within the definition. The district court did not clearly err in finding that England had not shown that she was mentally impaired to such an extent that the enhancement should not apply.

Defense counsel also argued that England did not have a position of trust because her job was one step above that of bank teller. Rather than having control over the Safe Deposit Income Account, as stated in the presentence report, counsel asserted that she functioned as secretary to the retail banking manager. After considering the statement England gave to the bank's investigator, in which she said that she was the custodian of the Safe Deposit Income Account and made the credit and debit entries, the court found that England had abused a position of trust.

The district court's decision on this factual issue is reversible only if it is clearly erroneous. United States v. Helton, 953 F.2d 867, 869 (4th Cir. 1992). The factors to be considered in determining whether a defendant abused a position of trust are: (1) whether the defendant had special duties or special access to information not available to other employees; (2) what level of supervision or degree of managerial discretion was present; and (3) whether the particular defendant is more culpable than others who hold similar positions. United States v. Gordon, 61 F.3d 263, 269 (4th Cir. 1995). The question of whether a defendant held a position of trust must be approached from the per-

3

spective of the victim. Id. The answer does not depend on formalistic definitions of job type. Id.

The commentary to USSG § 3B1.3 describes embezzlement by an attorney serving as a guardian as an example of an abuse of a position of trust, while a bank teller's embezzlement would not qualify for the adjustment because a teller is closely supervised and lacks professional discretion. England argues that her position was analogous to a bank teller's. From the information provided about her position it does appear that she had little or no professional discretion, a factor that weighs heavily against the finding that she had a position of trust. However, England had a special duty in that she was responsible for the day-to-day operation of the Safe Deposit Income Account, and she had access to those accounts. Most importantly, unlike a closely-supervised bank teller, England appears to have worked with little or no supervision, and was thus able to carry on her embezzlement for several years without its being discovered, even though she took no particular steps to conceal it. Thus, in practice, the victim bank seems to have reposed considerable trust in her. Although it is a close question, we cannot say that the district court's determination that England held a position of trust was clearly erroneous.

England also maintains that the district court did not make "a principled exercise of discretion" concerning departure and improperly considered the issue to be intertwined with its previous rulings. She does not argue that the district court failed to understand its authority to depart, nor would the record support such an argument. It is clear that the district court exercised its discretion in deciding against a departure. Consequently, its decision is not reviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

We therefore affirm the sentence imposed. We dismiss that portion of the appeal in which England seeks to appeal the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4