**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4400

FULTON LEE HINEBAUGH, Individually
and d/b/a Hinebaugh Fox Group,
Incorporated,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-94-65)

Submitted: September 30, 1997

Decided: October 30, 1997

Before HALL and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter B. Bennett, Michael V. Gilberti, BENNETT & LEAHEY, Red
Bank, New Jersey, for Appellant. Mark T. Calloway, United States
Attorney, Thomas R. Ascik, Assistant United States Attorney, Ashe-
ville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

F. Lee Hinebaugh, an administrator of corporate benefit plans, appeals his convictions on five counts of wire fraud [1] and sentence to fifty-five months incarceration. Hinebaugh asserts that counsel was ineffective, and that the district court abused its discretion by denying his Fed. R. Crim. P. 33 motion for a new trial. Additionally, he contends that the district court erred in applying the federal sentencing guidelines by departing upward to a criminal history category V and enhancing his sentence for abusing a position of trust. Finding no reversible error, we affirm Hinebaugh's convictions and sentence.

Hinebaugh's primary contention on appeal is that he suffered ineffective assistance of counsel. Essentially, Hinebaugh asserts that counsel failed to adequately investigate and prepare his case for trial. According to Hinebaugh, counsel's failure to prepare resulted in such a breakdown of the attorney-client relationship that he was denied his Sixth Amendment right to counsel. While we have consistently observed that a claim of ineffective assistance of counsel is more properly raised on collateral review than on direct appeal,[2] this court will review a claim of ineffective assistance of counsel on direct appeal if the record conclusively discloses that defense counsel failed to provide effective representation.[3] With respect to counsel's alleged

_____

[1] **See** 18 U.S.C. § 1343 (1994).
[2] **See United States v. Smith**, 62 F.3d 641, 651 (4th Cir. 1995); United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994).
[3] **See United States v. Gastiaburo** , 16 F.3d 582, 590 (4th Cir. 1994) (recognizing the exception, but failing to apply it because the record did not "conclusively demonstrate" that counsel was ineffective); Matzkin, 14 F.3d at 1017 (declining to address a claim of ineffective assistance of counsel because counsel's alleged ineffectiveness was not conclusively apparent from the record).

deficiencies, we do not believe that the record conclusively shows that Hinebaugh was deprived of effective assistance of counsel. Furthermore, we do not find that the district court abused its discretion by denying Hinebaugh's Rule 33 motion for a new trial based on the claim of ineffective assistance of counsel.[4]

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable, rather than sound trial strategy. [5] In determining Hinebaugh's Rule 33 motion, the district court found that counsel conducted a reasonable investigation and presented all the issues Hinebaugh now claims should have been addressed at trial. Moreover, Hinebaugh failed to offer specific examples of how a more intense investigation would have exonerated him, and conclusory allegations are insufficient to warrant relief. Finally, Hinebaugh's assertion of a break-down of the attorney-client relationship is without merit because there is no statutory or constitutional right to a "meaningful attorney-client relationship."[6]

Next, Hinebaugh asserts that the district court misapplied the sentencing guidelines by departing upward. Hinebaugh's claim is without merit. Hinebaugh's original guideline range was twenty to thirty-three months incarceration because his offense level was 18 and he was in criminal history category I. However, Hinebaugh had numerous prior fraud-type convictions, including three convictions subsequent to his indictment in this case, so prior to sentencing the government moved for an upward departure based on the inadequacy of Hinebaugh's criminal history and the likelihood that he would commit further crimes.[7] After hearing argument on the issue at sentencing, the court found that Hinebaugh had engaged in criminal conduct while on bail and that those incidents were each the equivalent of three criminal history

_____

[4] **See Smith**, 62 F.3d at 650-51.
[5] **See Strickland v. Washington**, 466 U.S. 668, 689 (1984).
[6] **Morris v. Slappy**, 461 U.S. 1, 13-14 (1983).
[7] **See** USSG § 4A1.3.

3

points.**8** Adding those nine points to the one point awarded to Hinebaugh in the presentence report, the court determined Hinebaugh's criminal history to be category V. Accordingly, the court departed upward to category V and sentenced Hinebaugh in the middle of the new guideline range of fifty-one to sixty months.

Hinebaugh argues that the departure was unjustified, and that the district court failed to consider each successively higher level and make specific findings before proceeding to the next higher level.**9** Hinebaugh's claim is without merit. In the addendum to the record, the court stated that categories II, III, and IV did not adequately reflect the seriousness of Hinebaugh's criminal conduct, and that only category V with its requirement of ten criminal history points reflected Hinebaugh's serious criminal record and risk of recidivism.**10** The court's comments indicate that it intended to comply with the dictates of Cash and Rusher, and that it considered the intervening levels inadequate to account for Hinebaugh's past criminal conduct. Thus, we find the district court's decision to depart was not an abuse of discretion.**11**

Additionally, Hinebaugh claims that the district court erred by adopting the presentence report's findings concerning the amount of loss. Hinebaugh asserts that the court should have used "actual loss" in setting his base offense level, instead of the"intended loss" of his fraud. This circuit reviews the district court's legal interpretation of the term "loss" de novo, but the determination of the amount of loss is a factual matter that is only reviewed for clear error.**12** Further, the district court's factual findings need only to be supported by a preponderance of the evidence.**13**

_____

**8** See USSG § 4A1.1(a).
**9** See United States v. Cash, 983 F.2d 558, 561-63 (4th Cir. 1992); United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992).

**10** See United States v. Blake, 81 F.3d 498, 504 (4th Cir. 1996).
**11** See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (Nos. 94-1664/8842).
**12** See United States v. Castner , 50 F.3d 1267, 1274 (4th Cir. 1995).

**13** See United States v. Engleman , 916 F.2d 182, 184 (4th Cir. 1990).

4

In calculating the total amount of loss attributable to Hinebaugh, the sentencing court included all amounts in trust that Hinebaugh improperly diverted for non-trust purposes. While Hinebaugh offers various explanations for the diversions and contends that the "actual loss" was much less than the total amount diverted, it does not change the fact that the money was actually diverted. "Loss" under U.S. SENTENCING GUIDELINES MANUAL § 2F1.1 (1995), does not always equal the actual financial harm suffered by the victim. The guidelines provide that where the "intended" loss is greater than the "actual loss," intended loss will be used to determine a sentence.[14] Moreover, fraudulent losses come about through an ever-expanding variety of means and each case must be determined on its own facts.[15] Accordingly, we find that the district court did not err by adopting the presentence report's loss computations.

Finally, Hinebaugh asserts that the district court erred in enhancing his sentence by two points for an "abuse of a position of trust" under USSG § 3B1.3. Hinebaugh's claim is without merit, and we review the district court's application of the guidelines' abuse-of-trust provision only for clear error.[16]

The phrase "position of public or private trust," refers to positions "characterized by professional or managerial discretion,[17] and whether a person holds a position of trust is determined from the perspective of the victim.[18] Additionally, USSG § 3B1.3 provides that "[i]f the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense," his sentencing range should be enhanced by two levels. Applying those principles, Hinebaugh's position as an administrator of corporate benefit plans with discretionary power over trust funds is the type of position that the sentencing guidelines describe. We therefore hold that the district court properly enhanced Hinebaugh's sentence for abusing a position of trust.

_____

**14** **See** USSG § 2F1.1, comment (n.7).
**15** **See** **United States v. Mancuso** , 42 F.3d 836, 849 (4th Cir. 1994).
**16** **See** **United States v. Helton**, 953 F.2d 867, 869 (4th Cir. 1992).
**17** **See** USSG § 3B1.3, comment (n.1).
**18** **See** **United States v. Moore**, 29 F.3d 175, 180 (4th Cir. 1994).

5

Accordingly, we affirm Hinebaugh's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6