UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                          No. 00-4242

ALLEN ZEBULON WRIGHT, JR.,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-264, CR-99-265)

Submitted: September 29, 2000

Decided: October 30, 2000

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Erick D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Allen Zebulon Wright, Jr., appeals his sentence of thirty-seven months imprisonment pursuant to his guilty plea for transportation of stolen aircraft and stolen vehicle in interstate commerce, 18 U.S.C. § 2312 (1994), and for credit card fraud, 15 U.S.C. § 1644(b) (1994). We affirm.

On appeal, Wright argues that the district court erred in applying a two-level enhancement for use of a special skill under *U.S. Sentencing Guidelines* § 3B1.3 (1998). Section 3B1.3 of the Guidelines provides for a two-level increase if a defendant "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. On appeal, this court will reverse a district court's imposition of an enhancement based on a defendant's abuse of a position of trust only if the court's determination is clearly erroneous. *See United States v. Helton*, 953 F.2d 867, 869 (4th Cir. 1992). Because the determination of whether a defendant possessed a special skill that facilitated the commission of the offense is ordinarily factual, the court reviews the findings of the district court to determine if they are clearly erroneous. *See United States v. Hummer*, 916 F.2d 186, 191 (4th Cir. 1990). But if the district court undertakes to interpret the guidelines, "the standard moves closer to de novo review." *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

We have reviewed Wright's arguments and find that the district court's interpretation of the guidelines was correct and therefore the application of the enhancement appropriate. Accordingly, we affirm Wright's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*