**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jacqueline Sue GILL, aka Jacqueline
Sue Fain, Defendant—Appellant.**

**No. 01–30385.
D.C. No. CR–01–00183–BJR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2002.*

Decided Nov. 26, 2002.

---

## MEMORANDUM**

Jacqueline Sue Gill pled guilty and was convicted of one count of acquiring and possessing a controlled substance by fraud and deceit, in violation of 21 U.S.C. § 843(a)(3) ("Count Seven"), and one count of fraudulent use of an access device, in violation of 18 U.S.C. § 1029(a)(2) ("Count Thirteen"). On appeal, she argues that the district court: (1) erred in refusing to group her offenses under U.S.S.G. § 3D1.2(b); (2) erred in imposing the two-level enhancement for the abuse of a position of trust pursuant to U.S.S.G. § 3B1.3; and (3) violated her rights under Fed. R.Crim.P. 32(c) and her right to due process by failing to give her notice that it was considering the abuse of trust enhancement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Gill's sentence.

### I. Grouping of Offenses

We review the district court's grouping of offenses for sentencing purposes de novo. *See United States v. Seesing*, 234 F.3d 456, 459 (9th Cir.2000). Gill argues that the district court should have grouped her offenses pursuant to U.S.S.G. § 3D1.2(b), which requires grouping where the offenses involve the same victim and are part of a common criminal objective, scheme, or plan. Gill contends that her employer was the victim of both offenses, which were part of a common criminal objective to obtain vicodin. However, while her employer was the victim of Count Thirteen, society at large was the victim of Count Seven. *See* U.S.S.G. § 3D1.2, commentary at n. 2. Because Gill's offenses did not involve the same victims, § 3D1.2(b) does not apply. The district court did not err in refusing to group her offenses.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II. Position of Trust

 Whether the district court properly applied the abuse of trust adjustment is a mixed question of law and fact that we review de novo. *See United States v. Brickey*, 289 F.3d 1144, 1153 (9th Cir. 2002). U.S.S.G. § 3B1.3 states, in pertinent part, "If the defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." The critical inquiry in determining whether the defendant held a position of trust is the extent to which the position provided him or her "the freedom to commit a difficult-to-detect wrong." *Brickey*, 289 F.3d at 1154 (citations and quotation marks omitted). Two indicia of this type of discretion are: (1) the trustor's inability to objectively and expediently determine whether the trustee is trustworthy; and (2) how easily the trustee's activities may be observed. *See United States v. Hoskins*, 282 F.3d 772, 778–79 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 2610, 153 L.Ed.2d 796 (2002).

In the present case, the district court ruled that the abuse of trust enhancement applied to both of Gill's offenses. However, the record indicates that Gill's employer had evidence that she had been illegally placing vicodin orders, although she denied doing so when he confronted her. Because her actions were readily observable, the abuse of trust enhancement does not apply to Count Seven. The district court also erred in applying the enhancement to Count Thirteen. Dr. Freeman could have objectively and expediently determined whether Gill was trustworthy and easily observed her activities by reviewing his financial statements. *Cf. United States v. Helton*, 953 F.2d 867 (4th Cir.1992). Gill did not have a position of private trust for purposes of § 3B1.3. The district court erred in applying the abuse of trust enhancement.

We vacate Gill's sentence and remand the case to the district court for resentencing without the abuse of trust enhancement. Therefore, it is unnecessary to address Gill's argument that her sentence should be vacated because the enhancement was imposed without notice.

VACATED and REMANDED.