**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Koffi KITCHENS, Defendant–Appellee.**

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Kedron KITCHENS, Defendant–Appellee.**

**Nos. 96–4191, 96–4192.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 31, 1997.

Decided May 22, 1997.

**ARGUED:** Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellant. Kevin David Mills, Mills & Scales, Martinsburg, West Virginia; William Benjamin Moffitt, Asbill, Junkin & Moffitt, Washington, D.C., for Appellees. **ON BRIEF:** William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellant.

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

Reversed and remanded by published opinion. Judge MURNAGHAN wrote the opinion, in which Judge NIEMEYER and Judge MOTZ joined.

## OPINION

MURNAGHAN, Circuit Judge:

Kedron and Koffi Kitchens were indicted for conspiracy to possess with the intent to distribute approximately 62.4 grams of crack cocaine. They filed a motion to suppress evidence arguing that the police officers' warrantless search of their hotel room violated their Fourth Amendment rights. The magistrate judge recommended that the motion to suppress be granted and the district court adopted the magistrate judge's findings and granted the motion to suppress. Since we believe the defendants had no reasonable expectation of privacy in their motel room after check-out time, we reverse the district court's grant of the motion to suppress and remand to the district court for further proceedings.

### FACTS

On March 10, 1994, Kedron and Koffi Kitchens were guests at the Town House Motel in Charles Town, West Virginia. The Town House Motel has a policy that all guests must check out by 11:00 a.m. The manager testified that if guests do not check out by 11:30 a.m., the motel contacts them and requests that they re-register or leave. The manager also testified that he has entered rooms and evicted the occupants when they stayed past 11:30 a.m. In addition, the manager testified that on several occasions he has called the police to assist him in evicting individuals who have stayed past 11:30 a.m. without paying for an additional night. It is undisputed that on the day in question the Kitchenses continued to occupy the motel room after check out time, and that the incident in question did not occur until approximately 12:30 p.m.

Two officers, Doug Nichols and Dave Kelvington, who were eating lunch at the restaurant at the Town House Motel, noticed an individual they recognized as a suspected drug dealer enter room 330. The officers

asked the acting manager for the name of the person who was registered in room 330. The manager told the police that the room was rented to one of the defendants and that they were in the room past the 11:00 a.m. check-out time.

With the acting manager's consent, the officers went to the room to tell the occupants to either vacate the room or pay for an additional night. Officer Robbie Roberts of the Ranson Police Department was also having lunch in the restaurant and was asked to provide assistance to the two Charles Town police officers.

Just as the officers arrived at the room, the door opened and two individuals exited. While the door was open, Officer Kelvington noticed one of the occupants of the room run into the bathroom. Officer Kelvington entered the room and instructed the individual in the bathroom to come out. Officer Kelvington then noticed a vial of what he believed to be crack cocaine in plain view and arrested the defendants. Officer Roberts searched Kedron Kitchens incident to his arrest and found a sock containing bags with crack cocaine. The defendants moved to suppress the crack cocaine arguing that Officer Kelvington entered the room without a warrant.[1]

The magistrate judge determined that the defendants had a legitimate expectation of privacy in their hotel room even after check-out time.[2] The magistrate then determined that there was no exception to the warrant requirement in the instant case and recommended that the motion to suppress be granted. The district court accepted the magistrate judge's recommendation.

## DISCUSSION

The court of appeals reviews the district court's legal conclusions regarding a motion to suppress de novo, but factual determinations are reviewed under a clearly erroneous standard. *United States v. Rusher,* 966 F.2d 868, 873 (4th Cir.), *cert. denied,* 506 U.S. 926, 113 S.Ct. 351, 121 L.Ed.2d 266 (1992).

The Fourth Amendment protects people from unreasonable searches and seizures. However, to challenge a search under the Fourth Amendment, an individual must be able to show he has standing—he must show that he has a legitimate expectation of privacy in the area searched. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). Justice Harlan, concurring in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), outlined a two-prong test for determining whether an individual has a legitimate expectation of privacy. First, the individual must have a subjective expectation of privacy, and second, that subjective expectation must be reasonable. *Id.* at 361, 88 S.Ct. at 516–517.

■ A guest in a hotel room has a reasonable expectation of privacy. *Stoner v. California,* 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856 (1964). However, this expectation is not unlimited. Generally, a guest does not have a reasonable expectation of privacy in his hotel room after his rental period has terminated. *United States v. Jackson,* 585 F.2d 653, 658 (4th Cir.1978); *see also United States v. Rahme,* 813 F.2d 31, 34 (2d Cir.1987) ("[W]hen a hotel guest's rental period has expired or been lawfully terminated, the guest does not have a legitimate expectation of privacy in the hotel room."); *United States v. Allen,* 106 F.3d 695, 699 (6th Cir.1997) (no legitimate expectation of privacy in a hotel room after rental period has expired); *United States v. Larson,* 760 F.2d 852, 855 (8th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 143, 88 L.Ed.2d 119 (1985); *United States v. Huffhines,* 967 F.2d

---

1. The constitutionality of the officer's entry into the motel room is the threshold question. If Officer Kelvington was properly in the room, then the seizure of the vial of crack cocaine in plain view, and the subsequent arrest and search of Kedron Kitchens was proper. However, if Officer Kelvington entered the room in violation of the defendant's Fourth Amendment rights, all evidence discovered as a result of the illegal entry must be suppressed.

2. The magistrate judge in his findings of fact and recommendation for disposition stated: "At the hearing, neither party argued that the expectation of the right to privacy ended at check-out time and your Magistrate Judge is not aware of any case which so holds." However, in *United States v. Jackson,* 585 F.2d 653, 658 (4th Cir. 1978), this Court recognized that a guest loses his legitimate expectation of privacy after his rental period has terminated.

314, 318 (9th Cir.1992) (no violation of the Fourth Amendment since search occurred after the motel had repossessed the room for nonpayment of rent).

■ A guest may still have a legitimate expectation of privacy even after his rental period has terminated, if there is a pattern or practice which would make that expectation reasonable. *United States v. Watson,* 783 F.Supp. 258, 263 (E.D.Va.1992) (legitimate expectation of privacy since guest had continually paid his bill several hours after the check-out time); *United States v. Owens,* 782 F.2d 146, 150 (10th Cir.1986) (legitimate expectation of privacy in a motel room after check-out time since the guest continued to occupy the room and had paid for the room late on several occasions).

■ The magistrate judge and the district court failed to recognize that, absent a pattern or practice to the contrary, a person's legitimate expectation of privacy in a motel room terminates at check-out time. The court instead examined whether the police officers' actions were justified by an exception to the warrant requirement. However, in the instant case, a warrant was unnecessary since the defendants had no legitimate expectation of privacy in the room. Thus, the question for the court should have been whether evidence existed which indicated that the defendants had a legitimate expectation of privacy even though they occupied the room past the check-out time. We can find no such evidence.

Defendants argue that *Watson* and *Owens* indicate that a person may have a legitimate expectation of privacy in his motel room even after the check-out time has expired. However, in the instant case, unlike the situation in *Watson* and *Owens,* there was no pattern or practice which indicated that the Kitchenses maintained a legitimate expectation of privacy after check-out time. In both *Watson* and *Owens,* the guests consistently re-

newed their lease term after checkout time. In both cases, the courts determined that an individual maintained a legitimate expectation of privacy even after his lease term had expired since the hotel had previously allowed the individuals to stay after check-out time without consequence. *Owens,* 782 F.2d at 150; *Watson,* 783 F.Supp. at 263. Thus, in such cases, individuals have a subjective belief that due to past practice they will be allowed to stay in their rooms past check-out time and pay for another night at a later time. In addition, the pattern or practice of allowing guests to stay past check-out time without consequence also gives rise to an objectively reasonable expectation of privacy.

The Kitchenses, however, had no legitimate expectation of privacy. There is no evidence in the record that the Kitchenses had a pattern or practice of staying past check-out time, nor is there evidence that the motel had a pattern or practice of allowing them to do so. In fact, the manager of the motel testified that the motel had a strict policy regarding check out.[3]

Since the Kitchenses did not have a legitimate expectation of privacy in their motel room, they have no standing to object to the police officer's entry into the motel room. Once properly within the room, the police officer's seizure of a vial of crack cocaine in plain view, and the defendants' arrest were permissible and did not violate the Fourth Amendment. The subsequent search of Kedron Kitchens's person, in which the officer discovered a sock full of crack cocaine, was a valid search incident to a lawful arrest. The crack cocaine was thus admissible and the district court's grant of defendants' motion to suppress the evidence was in error. Therefore, we reverse the decision of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**

---

**3.** Counsel for the defendants argues that if a person's legitimate expectation of privacy ends at check-out time the police would be authorized to search hotel rooms the minute a person stays past the appointed time. Such a search would be improper if the hotel, as most hotels do, had a pattern or practice of allowing guests some lee-

way regarding the checkout time. However, the instant case does not present such a question. The Kitchenses were in their motel room at least one hour past check-out time, and the motel clearly had not established a pattern or practice of allowing guests to stay one hour past check-out time.