**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4148

MARK GERARD SPAULDING,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge;
James E. Kenkel, Magistrate Judge.
(CR-95-467-PJM)

Argued: April 9, 1998

Decided: May 26, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Allen Ticknor, Baltimore, Maryland, for Appellant.
John Vincent Geise, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Gerard Spaulding appeals his convictions on two counts of possession of a firearm by a convicted felon, see 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), arguing that the district court erred in refusing to exclude the firearms as fruits of unconstitutional searches and in invalidating one of his peremptory challenges. Spaulding also appeals his 240-month sentence, contending that the district court erred in concluding that his prior Maryland conviction for reckless endangerment qualified as a "crime of violence" for the purpose of determining his base offense level, U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (1995), and in imposing a four-level enhancement for possessing the firearms in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(5). Finding no error, we affirm.

I.

Spaulding first alleges that the district court erred in refusing to suppress the firearms as the fruits of unconstitutional searches of a house in which he was staying and in which he was storing some possessions. We conclude that the factual findings of the district court that the owner of the house had not given Spaulding the right to exclude her from any area of her home and that she voluntarily consented to the searches undertaken by the police are not clearly erroneous. See United States v. Kitchens, 114 F.3d 29, 31 (4th Cir. 1997) (stating that factual findings supporting ruling on suppression motion by the district court are reviewed for clear error). Accordingly, we determine that the firearms--which were discovered during a search conducted pursuant to a search warrant obtained on the basis of evidence seized during the consent searches of the house--do not constitute the fruits of unconstitutional searches. See Wong Sun v. United States, 371 U.S. 471, 484-85 (1963); see also United States v. Matlock, 415 U.S. 164, 170-71 (1974) (holding that consent may be

2

validly given by one with common authority over the premises to be searched). We therefore affirm the denial of the motion to suppress.

## II.

Spaulding next contends that the district court erred in invalidating one of his peremptory challenges on the basis that it was used in a racially discriminatory manner. After Spaulding exercised eight of his ten strikes on white venire members, the district court required him to proffer the reasons for the strikes. Although the district court found six of the strikes to be legitimate, it found two were made with the intent to discriminate, only one of which is at issue here. Because the reason offered by Spaulding for the strike in question was factually unsubstantiated and inconsistent with his decision not to strike certain minority venire members, we cannot say that the district court clearly erred in finding that the reason offered was a pretext for purposeful discrimination. See Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995) (explaining that finding by the district court that strikes were made discriminatorily is reviewed for clear error).

## III.

Spaulding also maintains that the district court erred in determining that his prior Maryland conviction for reckless endangerment qualified as a "crime of violence" pursuant to U.S.S.G. § 4B1.2(1) for the purpose of determining his base offense level for sentencing. Because the Maryland reckless endangerment statute under which Spaulding was convicted proscribed "conduct that creates a substantial risk of death or serious physical injury to another," Md. Code Ann. art. 27, § 120(a) (1992), reckless endangerment is a "crime of violence" for purposes of § 4B1.2(1). See United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998) (explaining that an offense is a "crime of violence" as defined by § 4B1.2(1) when the elements of that offense involve conduct that presents a serious potential risk of physical injury to another); U.S.S.G. § 2K2.1, comment. (n.5) (providing that the term "crime of violence" is defined in U.S.S.G. § 4B1.2).

## IV.

Spaulding finally argues that the district court clearly erred in enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(5) for pos-

sessing a firearm in connection with a drug trafficking offense. The district court heard testimony that Spaulding was a convicted drug dealer, that he had continued to sell cocaine base and marijuana and to carry firearms after his drug conviction, and that he possessed $20,000 in currency at a time when he was not gainfully employed. From that testimony, the court concluded by a preponderance of the evidence that Spaulding was involved in large-scale drug transactions and was carrying firearms to facilitate those transactions. Because we do not find this conclusion to be clearly erroneous, we affirm the imposition of the enhancement. See United States v. Turner, 102 F.3d 1350, 1357 (4th Cir. 1996) (holding that factual findings underlying the determination of an appropriate sentence will be affirmed unless clearly erroneous).

V.

In sum, we conclude that the district court did not err in denying Spaulding's motion to suppress, invalidating one of his peremptory strikes, finding that his previous conviction for reckless endangerment constituted a crime of violence, or enhancing his sentence for possessing a firearm in connection with another felony offense. Accordingly, Spaulding's convictions and sentence are affirmed.

AFFIRMED

4