**UNITED STATES of America, Plaintiff,**

v.

**Michael Lewis WALKER, Defendant.**

**Criminal No. 6:97–00086.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

June 30, 1998.

Miller Bushong, Ass't. U.S. Attorney, Charleston, WV, for plaintiff.

Anne E. Shaffer, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion to suppress. For reasons that follow, the Court **DENIES** the motion.[1]

### I. FACTUAL BACKGROUND

On June 10, 1997 Detective Bryan Eidenshink of the Bakersfield, California Police Department was working a parcel interdiction detail at a Federal Express ("FedEx") branch in that city. Certain characteristics of a FedEx package addressed to "Denver Jones" in Parkersburg, West Virginia aroused Detective Eidenshink's suspicion that the package contained narcotics. To confirm his suspicion, Detective Eidenshink called for a police drug-sniffing dog. When the dog alerted on the package, indicating the package contained narcotics, Detective Eidenshink took possession of the package and applied for a search warrant from a local magistrate to examine its contents. After obtaining the warrant soon thereafter, Detective Eidenshink opened the package and discovered a quantity of methamphetamine.

Detective Eidenshink arranged with West Virginia law enforcement authorities for a controlled delivery of the package using an undercover agent as a FedEx delivery person. When the package was delivered to the Parkersburg address, Walker stated he was "Denver Jones" and signed for the package. He was immediately placed under arrest by the undercover agent.

### II. DISCUSSION

In his motion to suppress, Walker initially argued: (1) Detective Eidenshink's initial detention of the package was not supported by reasonable suspicion that the package contained contraband, and (2) Detective Eidenshink lacked probable cause to obtain a search warrant. Walker has abandoned the latter argument, and persists only in the former.

---

1. This case is in an unusual procedural posture. The matter was first scheduled for trial on two drug counts on September 23, 1997. When the Defendant failed to appear in Court that day, the Court issued a bench warrant for his arrest. The Government obtained a superseding indictment adding a failure to appear charge, see 18 U.S.C. § 3146, to the original drug counts. The United States Marshals Service apprehended the Defendant on December 17, 1997. On January 5, 1998 the Court permitted the Defendant's counsel to withdraw from his representation of the Defendant.

The Defendant's new counsel filed the instant motion to suppress. The Court heard oral argument and testimony on the motion on April 7, 1998. After the hearing the parties submitted letter briefs in support of their respective positions. On April 15 the Court directed the parties to brief the Fourth Amendment standing issue. On April 23, the day after the parties filed their memoranda, the Defendant entered pleas of guilty to the lesser included offense of misdemeanor possession of a controlled substance (Count Two), and to failure to appear at trial (Count Three).

Some two months later, the Court's Probation Office provided the Court with a Presentence Investigation Report recommending a Guidelines sentencing range of 15–21 months imprisonment. The Court rejected the plea agreement at the sentencing hearing held on June 29, permitted the Defendant to withdraw his plea of guilty, and accepted pleas of not guilty on each of the three counts contained in the superseding indictment.

Having given the parties ample opportunity to brief and argue the issue, the Court concludes Walker lacks standing to assert a Fourth Amendment challenge to the detention of the package.

 "Fourth Amendment rights are ... personal rights" and cannot be asserted vicariously. *United States v. Taylor*, 857 F.2d 210, 214 (4th Cir.1988). Accordingly, to assert a Fourth Amendment challenge to the Government's use of evidence obtained from the FedEx package, Walker must demonstrate that he had "a legitimate expectation of privacy" in the package. *See Rakas v. Illinois*, 439 U.S. 128, 148–49, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir.1997). The Court of Appeals has employed a two-part test to determine whether an individual has a legitimate expectation of privacy. First, the individual must have a subjective expectation of privacy, and second, his subjective expectation must be one society is prepared to recognize as reasonable. *Kitchens*, 114 F.3d at 31 (citing *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (Harlan, J., concurring)).

Walker does not claim the package was wrongly delivered to him or that it was intended for any person other than him, but instead has admitted the package was intended for him. Although Walker neither admits nor denies "Denver Jones" was his alias, it is certainly reasonable to assume it was, since he has acknowledged ownership of the package, told the undercover agent he was "Denver Jones," and signed for the package.

 This being so, the question becomes whether Walker had a reasonable expectation of privacy in a package addressed to his alias. The Court has located no Fourth Circuit cases directly on point. However, in a 1984 decision, the Court of Appeals observed "there is some authority for the proposition that even a package addressed to a fictitious entity created by defendants may furnish a basis for a legitimate expectation of privacy," *United States v. Givens*, 733 F.2d 339, 341 n. 2 (4th Cir.1984) (citing *Walter v. United States*, 447 U.S. 649, 654, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980) (Stevens, J.); *United States v. Richards*, 638 F.2d 765, 770 (5th Cir.), *cert. denied*, 454 U.S. 1097, 102 S.Ct. 669, 70 L.Ed.2d 638 (1981)), but expressed no opinion on the issue.

The Eighth Circuit addressed a situation similar to the one at bar in *United States v. Lewis*, 738 F.2d 916, 920 n. 2 (8th Cir.1984). In *Lewis*, the defendant devised a fraudulent scheme in which proceeds of the scheme were mailed to a mailbox bearing a false name with a false address and used only to receive the illegally-derived proceeds of the scheme. *Id.* Albeit in dicta, the Court stated it had "no difficulty in concluding that [the defendant] lacked a legitimate expectation of privacy in the mailbox and its contents and, accordingly, that he would have no standing to raise the issue concerning evidence flowing from the mailbox search." *Id.*

The *Lewis* Court was persuaded by the following line of reasoning from the Supreme Court's decision in *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984):

> The concept of an interest in privacy that society is prepared to recognize as reasonable is, by its very nature, critically different from the mere expectation, however well justified, that certain facts will not come to the attention of the authorities.
>
> . . . . .
>
> "Obviously, however, a 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.' His presence, in the words of *Jones [v. United States*, 362 U.S. 257, 267, [80 S.Ct. 725, 4 L.Ed.2d 697] (1960) ], is 'wrongful,' his expectation of privacy is not one that society is prepared to recognize as 'reasonable.' " *Katz v. United States*, 389 U.S. [347], 361, [88 S.Ct. 507, 19 L.Ed.2d 576] (1967) ... (Harlan, J., concurring).

*Jacobsen*, 466 U.S. at 122–23 & n. 22, 104 S.Ct. 1652 (quoted in *Lewis*, 738 F.2d at 920 n. 2).

**974**

This Court finds, as did the Eighth Circuit in *Lewis,* that the Defendant's expectation of privacy in a package addressed to his alias is akin to that of *Jacobsen*'s unwary burglar. His conduct is wrongful, and one that society and this Court are not prepared to recognize as reasonable and legitimate. Walker is not entitled to Fourth Amendment protection when he has apparently employed the use of an alias in furtherance of his criminal scheme. *See United States v. Daniel,* 982 F.2d 146, 148 (5th Cir.1993) (stating, even if the court accepted that the addressee of a package containing contraband was the defendant's alias, the court "still question[ed] whether [the defendant] would have ... 'standing' to assert [a Fourth Amendment] claim, particularly when [the defendant's] use of that alias was obviously part of his criminal scheme.") (citing *Lewis,* 738 F.2d at 919–920 (footnote omitted)).

The contrary Fifth Circuit decisions that hold individuals may assert a reasonable expectation of privacy in packages addressed to them under fictitious names, *see United States v. Richards,* 638 F.2d at 770; *United States v. Villarreal,* 963 F.2d 770, 773 (5th Cir.1992), are unpersuasive because they fail to consider the weighty factor voiced in *Jacobsen,* i.e., the extent to which the law and society should recognize subjective privacy expectations as reasonable. For this same reason, neither the oblique reference to the issue in the Fourth Circuit's *Given* case nor the Supreme Court's decision in *Walter,* which predates that Court's decision in *Jacobsen,* compel a contrary result.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to suppress.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the Marshal for the District, and the Probation Office of this Court.