**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

STEVEN ANDRE REED,
　　　　　*Defendant-Appellant.*

No. 00-4477

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-99-476-PJM)

Submitted: November 22, 2000

Decided: December 8, 2000

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynn
A. Battaglia, United States Attorney, Odessa P. Jackson, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Steven Andre Reed appeals his conviction and sentence of twelve months and one day of imprisonment pursuant to his guilty plea for theft of government property, 18 U.S.C.A. § 614 (West 2000). We affirm.

Reed raises two issues on appeal. First, he argues that his residence was illegally searched pursuant to a defective warrant, therefore, the evidence seized during that search should be suppressed and the sentence vacated. In the alternative, Reed argues that the district court erred in applying a two-level enhancement for abuse of a position of trust under *U.S. Sentencing Guidelines Manual* § 3B1.3 (1998).

We review the district court's factual findings for clear error and the legal conclusions de novo, *United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir. 1997), and accord substantial deference to the judgment of the magistrate issuing the search warrant, *United States v. Oloyede*, 982 F.2d 133, 138 (4th Cir. 1992). The district court made factual findings of a permissible inference between the location of the stolen property and Reed's residence, therefore, concluding that the warrant was supported by probable cause. *See United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988). Finding no reversible error, we affirm the denial of Reed's motion to suppress the evidence.

Section 3B1.3 of the Guidelines provides for a two-level increase if a defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. On appeal, this Court will reverse a district court's imposition of an enhancement based on a defendant's abuse of a position of trust only if the court's determination is clearly erroneous. *See United States v. Helton*, 953 F.2d 867, 869 (4th Cir. 1992). Finding no such clear error, we affirm Reed's conviction and

sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*