UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ANTONIO HARGIS,
　　　　　　*Defendant-Appellant.*

No. 02-4064

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-01-323-JFM)

Submitted: May 15, 2002

Decided: June 19, 2002

Before WILKINS, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Antonio Hargis was arrested on April 19, 2001, following execution of a search warrant at his residence. He was charged with being a felon in possession of a firearm. After a hearing, the district court denied his motion to suppress evidence obtained during the search. Hargis then entered a guilty plea, conditioned upon preserving the right to appeal from the denial of his motion to suppress. This appeal followed.

On motions to suppress evidence, we review the factual findings under the clearly erroneous standard and review the legal conclusions de novo. *United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir. 1997). We review de novo the legal question of whether a search warrant and its supporting affidavit are legally sufficient, while according substantial deference to a neutral and detached judge's finding of probable cause. *United States v. Oloyede*, 982 F.2d 133, 138 (4th Cir. 1992). We must simply ensure that the judge had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 246 (1983).

Hargis asserts that the warrant was defective on its face because it lacked probable cause, having omitted any evidence of a nexus between drug dealing and Hargis's residence. In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched. *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993). The nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence. *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988). The question then becomes whether the district court permissibly inferred that Hargis would store drugs at his residence.

Hargis relies primarily on *Lalor*, which found that a search warrant lacked probable cause where there was no evidence that the drugs in question would be stored at Lalor's residence. 996 F.2d at 1582-83.

The *Lalor* affidavit stated only that the target sold drugs at a certain place (not his home) and provided the target's address and a description of his car. *Id.* at 1579-80. The search in *Lalor* was saved by the good faith exception to the warrant requirement. *Id.* at 1583 (holding that warrant was "not so lacking in probable cause that the officers' reliance upon it was objectively unreasonable").

The affidavit in this case provides stronger support for probable cause than did the affidavit in *Lalor*. First, the informant stated that Hargis brought drugs to Garrison Avenue in his car from another location. Second, Hargis was observed on more than one occasion going back and forth between the same two locations: his house and Garrison Avenue, the location of his drug dealing. Finally, an officer opined, based on his training and experience, that street-level dealers frequently store drugs in their homes. According substantial deference to the issuing magistrate judge, we conclude that the affidavit provided probable cause to search Hargis's home. *See United States v. Suarez*, 906 F.2d 977, 984-85 (4th Cir. 1990) (residential search upheld based on officer's reasoned belief that evidence of drug activity would be found at residence).

Hargis next argues that the search was unreasonable because the officers violated the knock and announce rule of 18 U.S.C. § 3109 (1994). Specifically, he alleges that the officers did not wait long enough for a response before using force to enter his home after knocking and announcing their presence. One element of the reasonableness inquiry governing the lawfulness of searches under the Fourth Amendment is that police officers must knock and announce their presence before entering the premises to be searched. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). However, the principle is not a rigid rule and allows for an unannounced entry when there are important countervailing law enforcement interests such as the safety of the officers or prevention of the destruction of evidence. *Id.* at 936. There is no rule providing that a specific amount of time must elapse before law enforcement officers may use force to enter a dwelling after announcing their presence. Instead, the determination is made based on the totality of the circumstances. *United States v. Ward*, 171 F.3d 188, 193-94 (4th Cir. 1999).

In this instance, there was testimony that the officers waited approximately twelve to fourteen seconds before using force to enter

Hargis's home. However, the officers had reason to believe that both drugs and weapons would be found in the house. The residence was located one block from an open air drug market, and Hargis sold drugs in one of the most dangerous areas of the city, a location where shootings and homicides were common. In addition, Hargis was a twice-convicted drug felon, on probation, whose car was parked in front of the house to be searched, and we have found that "it is not unreasonable to recognize that weapons have become 'tools of the trade' in illegal narcotics operations." *United States v. Nelson*, 6 F.3d 1049, 1056 (4th Cir. 1993) (citations omitted). Moreover, Hargis's home was very small, and the officers could reasonably expect a quick response, which was not forthcoming. Therefore, we conclude that, based on the totality of the circumstances, the entry was reasonable.

Thus, we affirm Hargis's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*