**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-5017

PHAREZ CHARLES PRINCE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-00-395-L)

Submitted: August 26, 2002

Decided: November 18, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kenneth W. Ravenell, Erin C. Murphy, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Thomas E. DiBiagio, United States Attorney, Tarra DeShields-Minnis, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pharez Charles Prince was convicted of bank robbery following his conditional guilty plea and sentenced to 151 months in prison. Prince reserved his right to appeal the district court's denial of his motion to suppress evidence obtained during the execution of a search warrant on his residence and vehicle and has appealed that order. Prince asserts the affidavit supporting the search warrants was insufficient to establish probable cause. Finding no such error, we affirm.

In reviewing the district court's denial of the motion to suppress evidence, we review the factual findings under the clearly erroneous standard and review the legal conclusions de novo. *United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir. 1997). Thus, we review de novo the legal question of whether a search warrant and its supporting affidavit are legally sufficient, while according substantial deference to a neutral and detached judge's finding of probable cause. *United States v. Oloyede*, 982 F.2d 133, 138 (4th Cir. 1992). We must simply ensure that the judge had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 246 (1983). According substantial deference to the issuing magistrate judge, we conclude that the affidavit established sufficient probable cause to search Prince's home and vehicle.

Accordingly, we affirm the court's denial of Prince's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*