**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon Alfredo PEREZ, Defendant—
Appellant.**

**No. 02–10411.
D.C. No. CR–00–00139–SOM.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2003.*

Decided May 8, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM[**]

Ramon Alfredo Perez entered a conditional guilty plea to conspiracy to possess with intent to distribute, and possession with intent to distribute, more than 50 grams of crystal methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. He appeals from the district court's denial of his motion to suppress.

We review the district court's ultimate conclusion that Perez did not have standing to contest the legality of the search de novo, and accept its findings of fact unless clearly erroneous. *See United States v. Padilla,* 111 F.3d 685, 687 (9th Cir.1997). A defendant must show that he has standing to challenge a search by demonstrating "a subjective expectation of privacy that is objectively reasonable" in the area searched. *See United States v. Taketa,* 923 F.2d 665, 670 (9th Cir.1991).

The package was detained at the post office overnight until a drug search canine alerted to it. The package was not addressed to Perez, and he does not indicate how he had any possessory or privacy interest in it at the time. Instead, he argues that he had a privacy interest in the home of the addressee, Rosa Hernandez, where he resided at the time. This is irrelevant to the detention of the package at the post office. Nor does Perez show a privacy interest by arguing that he was participating in an "arrangement" with the other defendants, as there is not coconspirator exception to the Fourth Amendment standing requirement. *See United States v. Padilla,* 508 U.S. 77, 78, 113 S.Ct. 1936,

123 L.Ed.2d 635 (1993) (per curiam); *Padilla,* 111 F.3d at 687 (same on remand).

We note that, in any event, this court has found that Hernandez, the addressee of the package, had standing to challenge the search and that the post office had reasonable suspicion to detain the package at the post office. *See United States v. Hernandez,* 313 F.3d 1206, 1210–11 (9th Cir.2002), *cert. denied* —— U.S. ——, 123 S.Ct. 1953, 155 L.Ed.2d 867 (2003).

AFFIRMED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.