**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

HENDRICK JAMES HAMERTER, a/k/a
Eric Hendrick, a/k/a Ham,
    *Defendant-Appellant.*

No. 03-4086

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-518)

Submitted: July 31, 2003

Decided: March 2, 2004

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Michael J. McCarthy, MCCARTHY & SULLIVAN, Bowie, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Hendrick James Hamerter pled guilty to conspiracy to possess with intent to distribute and distribute more than 1000 kilograms of marijuana, 21 U.S.C. § 846 (2000), but reserved the right to appeal the district court's denial of his motion to suppress marijuana seized from his commercial tractor trailer truck. Hamerter received a sentence of 127 months imprisonment. He appeals his sentence and the district court's denial of his suppression motion. We affirm.

Hamerter was arrested on September 6, 2001, while driving his commercial tractor trailer from El Paso, Texas, to Tampa, Florida, with 958 pounds (434.5 kilograms) of marijuana in his truck. The marijuana was found by a Texas state trooper during a routine safety inspection. Unknown to Hamerter or the trooper who stopped him, an investigation of the conspiracy was already under way and agents of the Drug Enforcement Administration had Hamerter's home in Tampa under surveillance. Several co-defendants were subsequently arrested in Maryland and in Texas.

Hamerter moved to suppress the evidence seized from his truck. At the suppression hearing, the government produced evidence that the state trooper stopped Hamerter's truck to perform a random safety inspection of a commercial vehicle, which is authorized under § 644.103 of the Texas Transportation Code. The district court determined that the marijuana was admissible because the stop of Hamerter's truck was initially a valid non-pretextual warrantless regulatory search, and that the trooper and his back-up officers had probable cause to arrest Hamerter and conduct a full search of the truck after a drug-sniffing dog alerted on the truck vents and then on duffle bags found in the trailer with a load of tomatoes. Alternatively, the court found that the marijuana was admissible under the inevitable discovery doctrine.

The district court's denial of a suppression motion is reviewed de novo, but its factual determinations are reviewed for clear error. *United States v. Kitchens*, 114 F.3d 29, 31 (4th Cir. 1997). Hamerter maintains on appeal that the trooper's warrantless search of his truck violated the Fourth Amendment. He does not challenge the district court's conclusion that Texas's commercial vehicle inspection scheme is permissible under the regulatory exception to the warrant requirement. *See New York v. Burger*, 482 U.S. 691 (1987). Instead, he argues that the stop was illegal because it was pretextual, relying on *Whren v. United States*, 517 U.S. 806 (1996), and *United States v. Wilson*, 205 F.3d 720, 724 (4th Cir. 2000) (holding that vehicle stop without articulable, reasonable suspicion violates Fourth Amendment). This argument is unavailing because, based on the record before us, the district court's finding that the trooper was not using the regulatory stop and search as a pretext to investigate other crimes is not clearly erroneous. Moreover, the record discloses that the regulatory search quickly produced reasonable suspicion to detain Hamerter and then probable cause for an arrest and a full search of the truck. *See United States v. Johnson*, 285 F.3d 744, 748 (8th Cir. 2002) (reasonable suspicion developed during safety inspection may permit longer detention). Although Hamerter argues that the officers should have obtained a search warrant before searching the trailer once contraband was suspected, a warrant is not required for a search of a vehicle once the police have probable cause to believe it contains contraband or evidence of a crime. *United States v. Ross*, 456 U.S. 798, 804-09 (1982). Finally, Hamerter was not illegally arrested when the trooper handcuffed him after seeing the first duffel bag. *United States v. Crittendon*, 883 F.2d 326, 329 (4th Cir. 1989) (handcuffing of suspect to maintain status quo and protect officer did not convert *Terry** stop into arrest). Consequently, we conclude that the district court did not err in denying the motion to suppress the marijuana seized from Hamerter's truck.

At sentencing, the issues relevant to this appeal were whether Hamerter had a minor or minimal role in the conspiracy, *U.S. Sentencing Guidelines Manual* § 3B1.2 (2002), and whether he qualified for a reduction under the safety valve provision in USSG § 2D1.1(b)(6). With respect to these issues, the government submitted

---

*Terry v. Ohio*, 392 U.S. 1 (1968).

transcripts of intercepted phone conversations between Hamerter and his co-defendant, Roland Anderson.

The district court determined that Hamerter was not a minor or minimal participant, in part because of the quantity of marijuana he was transporting, and in part because the evidence revealed that, rather than being a mere courier, Hamerter had participated in the planning and timing of the delivery of the marijuana. The district court's determination of a defendant's role in the offense is a factual question reviewed for clear error. *United States v. Reavis*, 48 F.3d 763, 768 (4th Cir. 1995). A defendant has a minor role if he is "less culpable than most other participants," but his role is not minimal, i.e., among the least culpable. USSG § 3B1.2, comment. (n.5). The test for whether a defendant had a minor role is whether his conduct was "material or essential to committing the offense." *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999).

Hamerter contends that he was entitled to at least a two-level reduction for having a minor role in the conspiracy because a DEA agent testified at the suppression hearing that Hamerter was a transporter and had made just one prior trip carrying marijuana for Anderson. Hamerter argues that his minor role is evidenced by the fact that he was recruited as a truck driver into an ongoing conspiracy that continued for a while after he was arrested. However, the transcripts of Hamerter's conversations with Anderson reveal that they discussed the difficulties Hamerter experienced in dealing with their sources in El Paso, and that they conferred about who they should deal with in the future. Anderson also discussed with Hamerter how he could move the marijuana from Tampa to Maryland. Hamerter volunteered first his wife and then a cousin in Atlanta to assist Anderson and co-defendant Clayton Maragh, and Anderson accepted Hamerter's assistance. In light of this evidence, we conclude that the district court did not clearly err in finding that Hamerter was not a minor participant in the offense.

With respect to the safety valve reduction under § 2D1.1(b)(6), the only dispute was whether Hamerter had satisfied the fifth requirement set out in § 5C1.2, namely, that by the time of sentencing a defendant must have "truthfully provided to the Government all information and evidence he has concerning the offense or offenses that were part of

the same course of conduct or common scheme or plan." The government maintained that Hamerter had not truthfully disclosed information about his own conduct or acknowledged that his wife was involved in the conspiracy. The district court agreed that Hamerter had not met the defendant's burden of showing that he has made an affirmative effort to disclose to the government all the information he has about the offense. *United States v. Withers*, 100 F.3d 1142, 1146 (4th Cir. 1996). The district court's factual findings underlying its determination as to whether a defendant has met the criteria set out in § 5C1.2 to qualify for a safety valve reduction under § 2D1.1(b)(6) are reviewed for clear error. *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997).

Hamerter argues that he complied with this requirement by cooperating with the Assistant United States Attorney for the Eastern District of Texas when he was interviewed the day after his arrest, and later in discussions with authorities in Maryland. Hamerter's attorney stated at sentencing that he had recently offered to have his client meet once again with the government, but that the offer was refused. The government responded that Hamerter had offered to meet for the purpose of providing information about other persons and that, based on its experience with Hamerter, the government was not interested.

The transcripts of the intercepted calls between Hamerter and Anderson show that Hamerter's wife was involved to some extent in the conspiracy. She took a message from Anderson for Hamerter on more than one occasion. Anderson also agreed to wire money to her. Hamerter does not dispute that he refused to disclose his wife's involvement, but states that by making himself available to meet with the government once again to provide "all the information the government desired," he took all the steps necessary to fulfil the fifth element of § 5C1.2.

A defendant seeking to comply with § 5C1.2 has the burden of providing all relevant information to the government even if the government does not meet with him at all. *United States v. Ivester*, 75 F.3d 182, 185-86 (4th Cir. 1996). Because Hamerter did not avail himself of the opportunities he had to disclose the information he possessed, the district court did not clearly err in finding that he had failed to qualify for the safety valve reduction.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*