**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4685

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY L. STRAIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-02-623)

Submitted:  May 28, 2004          Decided:  November 19, 2004

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David P. McCann, Charleston, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary L. Strain pled guilty to one count of receiving child pornography through a computer, in violation of 18 U.S.C. § 2252A(a)(2) (2000). He was sentenced to twenty-seven months in prison. On appeal, Strain argues that the district court erroneously denied his motion to suppress evidence seized from his home and business pursuant to two search warrants and erroneously denied a subsequent motion to reopen the suppression hearing. He further argues that the district court erroneously denied his motion to withdraw his guilty plea. We affirm.

This court reviews the district court's legal conclusions regarding a motion to suppress de novo and reviews factual findings for clear error. United States v. Kitchens, 114 F.3d 29, 31 (4th Cir. 1997). To establish probable cause for a search warrant, the information presented in the supporting affidavit must lead a person of "'reasonable caution'" to conclude that evidence of a crime will be discovered at the location to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). If a search warrant affidavit contains intentionally or recklessly false information, no relief is available if, discounting this information, there is still enough material to support a probable cause finding. Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

Guided by these principles, we have thoroughly reviewed the parties' submissions and conclude that the district court did not err in denying Strain's motion to suppress. See United States v. Froman, 355 F.3d 882, 889-91 (5th Cir. 2004). We further note that the district court properly denied Strain's motion to reopen the suppression hearing because, when the motion was filed, Strain had already pled guilty.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(e). When confronted with a motion to withdraw, the district court must consider: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

We have carefully reviewed Strain's arguments on this issue and conclude that the Moore factors do not weigh in his

favor.  Thus, the district court did not abuse its discretion in denying Strain's motion to withdraw his guilty plea.  For the foregoing reasons, we affirm Strain's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED