**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4326

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY DALE PETERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-03-118)

Submitted: September 16, 2005          Decided: October 14, 2005

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, M. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a written plea agreement, Harry Dale Peterson entered a conditional plea of guilty to one count of knowingly possessing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000).  He was sentenced to twenty-seven months' imprisonment followed by a three-year term of supervised release.  Peterson's counsel filed a brief raising the issue of whether Peterson's sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004).  Although Peterson's attorney admits additional claims have no merit, she also raises the issues of whether the court erred by denying motions to suppress evidence, to dismiss the indictment, and to depart downward from the sentencing guidelines, under Anders v. California, 386 U.S. 738 (1967).

We first consider whether the court properly denied Peterson's motion to suppress the images found on Peterson's computer.  This court reviews the legal conclusions regarding a motion to suppress de novo.  United States v. Kitchens, 114 F.3d 29, 31 (4th Cir. 1997).  There are no factual disputes regarding the search.  For a search warrant to be supported by probable cause, a nexus must be established between the place searched and the alleged criminal activity.  United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993).

- 2 -

Moreover, "[a] valid search warrant may issue only upon allegations of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time'" United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984). "The vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." Id. at 1336. Furthermore, other circuits have found that child pornographers keep their contraband for a long time and have upheld searches conducted much longer than five days after the information upon which the search was based became known. See United States v. Lacy, 119 F.3d 742, 745-46 (9th Cir. 1997) (upholding search based on information ten months old). Finally, we note the South Carolina law that requires computer technicians to disclose materials containing child pornography does not confer law enforcement status upon the technicians. United States v. Jarrett, 338 F.3d 339, 344-45 (4th Cir. 2003). After thoroughly reviewing the record, we conclude the court properly denied Peterson's motion to suppress.

We next consider whether the court properly denied a motion to dismiss the indictment based on the First and Fifth Amendments. The Supreme Court has held that the viewing of photographs of naked children is an unprotected activity because of the harm inflicted on the children. Ashcroft v. Free Speech

- 3 -

Coalition, 535 U.S. 234, 245-51 (2002). The Supreme Court has further held that the protections of the First Amendment do not extend to child pornography where the criminal statute focuses on the well-being of the children. See New York v. Ferber, 458 U.S. 747 (1982); Osborne v. Ohio, 495 U.S. 103 (1990). We conclude therefore the court properly found 18 U.S.C. § 2252A(a)(5)(B) constitutional.

We next address the issue of whether the court properly denied Peterson's motion for downward departure. This court has no authority to review a refusal to grant a motion to depart, unless the district court erroneously believed that it did not have the authority to depart. United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). Because we conclude the district court was aware it had the authority to depart, we decline to review the court's denial of his motion.

Finally, Peterson's attorney argues Peterson's sentence was unconstitutional under Blakely, the precursor to United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Booker applies to all cases pending on direct review at the time it was decided. 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Because Peterson did not raise his sentencing challenge in the district court, his constitutional claims under Blakely and Booker are reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In Booker, the Supreme Court held

- 4 -

that <u>Blakely</u> applied to the federal sentencing guidelines and that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750.

After <u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If it imposes a sentence outside the guideline range, the district court must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. <u>Id.</u> at 547 (citing <u>Booker</u>, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

In his plea agreement, Peterson stipulated to his sentencing range and further agreed to be sentenced in conformity with the federal sentencing guidelines. We conclude Peterson agreed to the imposition of the sentencing enhancements, and therefore, the court did not violate the Sixth Amendment under <u>Booker</u>.

The next issue is whether the court erred by applying the sentencing guidelines as mandatory and whether Peterson can meet his burden of demonstrating the error affected his substantial

rights.  See United States v. White, 405 F.3d 208, 223 n.10 (4th Cir. 2005) (citing Hughes, 401 F.3d at 551); see also United States v. Olano, 507 U.S. 725, 734-35 (1993) (under plain error test, defendant bears burden of proving that error affected substantial rights).  After thoroughly reviewing the record, we conclude Peterson cannot meet this burden.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Peterson's judgment.  This court requires counsel to inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED