O’SCANNLAIN, Circuit Judge,
specially concurring:
I join the court’s opinion. I write separately because, in my view, this case is more easily resolved on the ground that Lozano did not have a legitimate expectation of privacy in the mailed package and therefore had no Fourth Amendment standing to challenge the admission of the marijuana evidence.
I
Before addressing the merits of this issue, I pause to consider whether it is properly before us. I believe it is. The government raised standing at trial. Lozano argues, however, that the government has since waived the issue. But “[w]e may affirm a district court’s denial of a motion to suppress on any basis supported in the record.” United States v. Ruiz, 428 F.3d 877, 880 (9th Cir.2005). Lozano’s argument is particularly unavailing in the Fourth Amendment standing context. We have held that even if the government does not raise standing in the district court, “[s]o long as the government did not rely on facts contrary to its standing argument before the district court, the standing issue is properly before us on appeal.” United States v. Reyes-Bosque, 596 F.3d 1017, 1027 n. 3 (9th Cir.2010). Here, all agree on the facts relevant for the standing issue, namely the circumstances surrounding the mailed package, such as that Lozano was not the addressee of the package. Lozano states that he would have argued that he was the real addressee of the package, i.e., Bill Corner was his alias. But his entire defense was that the package was not his, ie., that Bill Corner was not his alias.
II
Turning to the merits, it is axiomatic that “to claim the protections of the Fourth Amendment, defendants must demonstrate that they had an expectation of privacy in the property searched and that their expectation was reasonable.” Reyes-Bosque, 596 F.3d at 1026 (internal citations omitted). “Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy.” United States v. Jacobsen, 466 U.S. 109, 114, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Specifically, “[i]t has long been established that an addressee has both a possessory and a privacy interest in a mailed package.” United States v. Hernandez, 313 F.3d 1206, 1209 (9th Cir.2002) (emphasis added). Here, however, Lozano was not the addressee. The package was addressed to a Bill Corner.
Our circuit has not decided whether an individual has a legitimate expectation of privacy with respect to a package that is not addressed to him. In an unpublished, nonprecedential decision, however, we held that a defendant did not have a legitimate expectation of privacy in a package addressed to a co-resident of his home. United States v. Perez, 64 Fed.Appx. 635, 636 (9th Cir.2003) (per curiam). But four other circuits have held, and one has stated in reasoned dicta, that an individual does not have a legitimate privacy expectation in a package that is not addressed to him. United States v. Smith, 39 F.3d 1143, 1145 (11th Cir.1994); United States v. Daniel, 982 F.2d 146, 149 (5th Cir.1993); United States v. Koenig, 856 F.2d 843, 846 (7th Cir.1988); United States v. Givens, 733 F.2d 339, 341-42 (4th Cir.1984); see *1063 United, States v. Lewis, 738 F.2d 916, 920 & n. 2 (8th Cir.1984); see also United States v. Pitts, 322 F.3d 449, 460 (7th Cir.2003) (Evans, J., concurring).[1] One other circuit has recognized but declined to decide the issue. United States v. Robinson, 390 F.3d 853, 870 n. 24 (6th Cir.2004).
A
I would follow the weight of authority, and hold that an individual does not have a legitimate expectation of privacy in a package not addressed to him. “Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.” Rakas v. Illinois, 439 U.S. 128, 143 n. 12, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Nonaddressees cannot base their claim on either source of legitimation. An individual who is the intended recipient of mail has a property right to delivery. Teal v. Felton, 53 U.S. 284, 291, 12 How. 284, 13 L.Ed. 990 (1851). But a nonaddressee is not the intended recipient and, therefore, does not enjoy that right. Quite the contrary, a nonaddressee who acts based on such a professed right commits the federal crime of obstruction of correspondence. 18 U.S.C. § 1702.
Nor do societal understandings legitimize a nonaddressee’s expectation of privacy. It is well-established that individuals do not have a legitimate expectation of privacy in items that are exposed to a third party. E.g., California v. Greenwood, 486 U.S. 35, 40-41, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). The mail in which a nonaddressee claims a legitimate expectation of privacy is exposed to a third party, namely, the addressee. Relatedly, we have held that “exclusive use” of the object of a search “is crucial to Fourth Amendment standing.” United States v. SDI Future Health, Inc., 568 F.3d 684, 696 (9th Cir.2009). A nonaddressee does not have any right to enjoy mail not addressed to him; it follows that he lacks the exclusive right to enjoy that mail.
A nonaddressee’s expectation of privacy over mail not addressed to him is not rendered legitimate merely by his assertion of dominion when, as here, that assertion is made for wrongful reasons. In Jacobsen, for example, the Court observed that “a burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as legitimate.” 466 U.S. at 123 n. 22, 104 S.Ct. 1652. Because the burglar’s presence is “wrongful,” his expectation of privacy is not “reasonable.” Id. Similarly, a nonaddressee’s claim of a criminal interest does not legitimize his expectation. See Daniel, 982 F.2d at 149; Lewis, 738 F.2d at 920 n. 2 (stating that defendant’s expectation of privacy in mailbox with false name for criminal purposes is “akin to that of the burglar plying his or her trade in a summer cabin during the off season”).
Nor is a nonaddressee’s expectation of privacy legitimated by the presence of his street address on the package, as is the case here with respect to the P.O. box rented by Lozano. “[T]he Fourth Amendment protects people, not places.” Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Indeed, an individual does not have a legitimate expectation of privacy in all things that enter *1064 his P.O. box, see United States v. Hinton, 222 F.3d 664, 676 (9th Cir.2000), let alone a legitimate expectation of privacy in all things merely destined for that box but that never make it there. I agree with our unpublished disposition, which explicitly rejected the claim that a nonaddressee has standing because he resided at the street address listed on the mail, Perez, 64 Fed. Appx. at 636, and the three opinions that similarly have stated that a nonaddressee does not have standing despite his association with the street address listed on the package. Pitts, 322 F.3d at 460 (Evans, J., concurring); Daniel, 982 F.2d at 149; Lewis, 738 F.2d at 920 n. 2.
B
Lozano argues that a nonaddressee has a reasonable expectation of privacy if the addressee is his alias. It is true that the Fifth Circuit in one line of cases has held that a defendant has a legitimate expectation of privacy in mail addressed to his “alter ego.” United States v. Richards, 638 F.2d 765, 770 (5th Cir.1981); United States v. Villarreal, 963 F.2d 770, 774 (5th Cir.1992). But that rule does not apply when, “[a]t trial, [defendant’s theory of defense was that [the defendant] and [the alias] were different persons.” Daniel, 982 F.2d at 149. Here, Lozano’s theory was that he was not the rightful recipient of the package. He denied that Bill Corner was his alias.
In addition, even if Lozano had claimed to be the rightful recipient, the Fifth Circuit line of cases involves defendants who had publicly-established connections to their alter ego. In Richards, for example, the defendant was the owner of the company that was the addressee. Richards, 638 F.2d at 770. The owner of a company, as its agent, can send and receive mail on its behalf under the law. It makes sense, therefore, that the owner would have a legitimate expectation of privacy in the company’s mail. Similarly, in Villarreal, the defendant went by the name listed on the package; at least one witness testified that he knew the defendant only by that name. Villarreal, 963 F.2d at 775. Here, Bill Corner was not Lozano’s publicly-established alias. Lozano cannot send and receive mail on Corner’s behalf. Nor has Lozano ever been identified with Corner. Accordingly, it follows that he does not have a legitimate expectation of privacy in mail addressed to Corner even under Richards and Villarreal.
In any event, these Fifth Circuit cases represent but one half of a intra- and intercircuit split regarding aliases, particularly criminal aliases. The better reasoned position is that of the Fifth Circuit in Daniel, the Eighth Circuit in Lewis, and Judge Evans’s concurrence in the Seventh Circuit case of Pitts. In those cases, the judges doubted that a defendant had a legitimate expectation of privacy in mail addressed to his public alias when that alias was used solely in a criminal scheme. Daniel, 982 F.2d at 149; Lewis, 738 F.2d at 920 n. 2; Pitts, 322 F.3d at 460 (Evans, J., concurring); Walker, 20 F.Supp.2d at 973-74 (same). That conclusion better accords with the principle expressed by the Court in Jacobsen that “wrongful” interests do not give rise to legitimate expectations of privacy.
I would hold that a defendant does not have a legitimate expectation of privacy in a package not addressed to him, even if it listed his street address and even if the addressee was his criminal alias. Because the package in this case was not addressed to Lozano, and Bill Corner was at most Lozano’s criminal alias, I would hold that Lozano did not have a legitimate expectation of privacy in the mailed package.
*1065 III
Accordingly, I would affirm the denial of the motion to suppress based on lack of Fourth Amendment standing.

. Several district courts also have so held. United States v. DiMaggio, 744 F.Supp. 43, 45 (N.D.N.Y.1990); United States v. Walker, 20 F.Supp.2d 971, 973-74 (S.D.W.Va.1998); United States v. Gonzalez, 2003 WL 431636, *1 (E.D.Pa. Feb.20, 2003).